IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NEWFIELD EXPLORATION, MID-CONTINENT, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-13-1050-D |
| BOB MASHBURN and PAT MASHBURN, | ) ) ) ) | (District Court of Garvin County, Okla. Case No. CJ-2012-156) |
| Defendants. | ) | |

## **O R D E R**

Before the Court is Defendants' motion to remand this case to Garvin County District Court from which it was removed by Plaintiff [Doc. No. 6]. That motion has been fully briefed. *See* Doc. Nos. 8 and 9. Also before the Court is Plaintiff's motion to realign the parties [Doc. No. 7], to which Defendants have responded [Doc. No. 10].

This action was initiated by Plaintiff Newfield Exploration Mid-Continent, Inc. in state court pursuant to the Oklahoma Surface Damages Act, Okla. Stat. tit. 52, § 318.2 *et seq.* Defendants Bob and Pat Mashburn filed a demand for jury trial on the surface damages claim and a "petition" in the state court action against Plaintiff seeking damages for breach of contract, trespass and nuisance related to the same tract of land involved in Plaintiff's surface damage action. On October 1, 2013, Plaintiff filed a Notice of Removal, attempting to remove to this Court only the claims asserted in Defendants' "petition" pursuant to 28 U.S.C. §§ 1441 and 1332(a).

In support of their motion to remand, Defendants argue that under § 1441(a), only a defendant or defendants can remove a case from state court to federal court, citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100 (1941), *Alexander v. Tulsa Public Schools*, 133 F. App'x 581, 582 (10th Cir. 2005), and other cases. Defendants point out that under the procedural provisions of the Oklahoma Surface Damages Act, the defendant may only assert claims against the plaintiff by filing a "petition" and that there is no provision authorizing an answer or counterclaim, citing *Ward Petroleum Corp. v. Stewart,* 64 P.3d 1113, 1115-16 (Okla. 2003). However, quoting *Chicago, R.I. & P.R. Co. v. Stude,* Defendants assert as follows:

> It is a question of the construction of the federal statute on removal, and not the state statute. The latter's procedural provision cannot control the privilege of removal granted by the federal statute.

Defendants' Motion at p.4 (quoting *Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954)). Defendants argue that their "petition" asserts, in the federal scheme, counterclaims because they are claims by the defendants against the original plaintiff. Under *Shamrock*, Defendants argue, a defendant on a counterclaim is not a "defendant" within the meaning of 28 U.S.C. § 1441(a) and may not remove a counterclaim.

Defendants recognize that the removal statute "does permit removal of '[a] separate and independent cause of action' that has been joined with an 'otherwise nonremovable claim[ ] or cause[ ] of action.'" *See* Defendants' Motion at p.5 (quoting *Johnson v. Great American Ins. Co.*, 213 Fed. Supp. 2d 657, 659 (S.D. Miss. 2001)). However, Defendants

2

cite *Federal Savings & Loan Insurance Corp. v. Quinn*, 419 F.2d 1014, 1018-19 (7th Cir. 1969), for the proposition that "a counterclaim . . . which raises litigable issues beyond the scope of the pleading to which it is directed" is not an independent claim and is not removable.

In its response, Plaintiff asserts that "[a]ll of the issues raised in the Mashburns' Petition are separate and independent from the matters involved in the surface damages proceeding, both in law and in fact," and that its removal was proper. *See* Plaintiff's Response at pp. 2-3. Plaintiff distinguishes or attempts to distinguish the cases cited by Defendants. It also relies on the fact that a Surface Damages Act case is treated as a "special proceeding" which is "not governed by the general regime of pleadings," *Ward Petroleum*, 64 P.3d at 1115; a landowner may file a related claim but the surface damages claim and the landowner's claim must be "kept on two distinct procedural tracks, one track governed by the [Surface Damages Act] itself, the other governed by the Oklahoma Pleading Code." *Ward Petroleum*, 64 P.3d at 1116. Plaintiff argues that it is the defendant on the "suit" filed by the Mashburns.

Defendants in their reply reiterate arguments previously made and point out that in *Ward Petroleum*, the Oklahoma Supreme Court recognized that "[f]or purposes of judicial convenience and efficiency, a surface owner may file a <u>related</u> tort claim in the same case in which a party has initiated a proceeding under the Surface Damages Act." *Id*. at 1116 (emphasis added). Defendants argue that if that court believed that the tort claims and surface damages proceeding comprised unrelated separate civil actions, rather than related

3

claims in a single civil action, it would have determined that the tort claims had to be separately filed or would have required severance into two civil actions.

In considering the parties' arguments, the Court is mindful that "there is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.* 50 F.3d 871, 873 (10th Cir. 1995). Further, "[i]t is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of [federal courts'] constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005). "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co., Inc.,* 683 F.2d 331, 333 (10th Cir. 1982) (citation omitted). The removing party bears the burden of establishing the requirements for federal jurisdiction are met. *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *see also Bonadeo v. Lujan*, No. CIV-08-0812, 2009 WL 1324119, at *4 (D.N.M. Apr. 30, 2009)("Removal statutes are strictly construed, and ambiguities should be resolved in favor of remand.") (citing *Fajen v. Foundation Reserve Ins. Co.*, 683 F.3d 331, 333 (10th Cir. 1982)).

Moreover, the *Shamrock Oil* case "'dictate[s] that the phrase "the defendant or the defendants," as used in § 1441(a), be interpreted narrowly, to refer to defendants in the traditional sense of parties against whom the [original] plaintiff asserts claims.'" *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 333 (4th Cir. 2008) (quoting *First National Bank of Pulaski v. Curry,* 301 F.3d 456, 464-63 (6th Cir. 2002)). Thus, third-party defendants, counterclaim defendants, and additional counter-defendants are not "defendants" within the

4

meaning of § 1441(a) who can remove all or part of a case. *See i.d.* at 332-33 (collecting cases). *See also In Re Mortgage Electronic Registration Systems, Inc.*, 680 F.3d 849, 853 (6th Cir. 2012)(citing *Shamrock Oil, supra*, and *First National Bank of Pulaski, supra*); *Federal Savings and Loan Insurance Corp. v. Quinn*, 419 F.2d 1014, 1018-19 (7th Cir. 1969). ("Under the general removal statute, . . . only independent suits are removable. . . . [A] counterclaim, in the sense of a responsive pleading which raises litigable issues beyond the scope of the pleading to which it is directed, is not removable."); *Richmond v. Allstate Insurance Co.*, 624 F. Supp. 235, 236 (E.D. Pa. 1985) ("A suit which is merely ancillary or supplemental to another action cannot be removed from a state court to a federal court.").

Congress has demonstrated its ability to extend the reach of removal statutes beyond traditional "defendants," to counter-defendants, cross-claim defendants or third-party defendants. *See* 28 U.S.C. § 1452(a). But it does not do that in § 1441(a). And if there remained any doubt as to whether a counterclaim could be removed to federal court, the Supreme Court resolved it when noting that "[t]he well-pleaded-complaint rule . . . governs whether a case is removable from state to federal court pursuant to 28 U.S.C. § 1441(a) . . . ." *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830 n.2 (2002).

Even considering the state procedural rules governing Surface Damages Act claims, the Court is of the opinion that Defendants' petition asserts claims in the nature of counterclaims. Accordingly, Plaintiff as the counterclaim defendant cannot remove the counterclaims from state court to federal court pursuant to 28 U.S.C. § 1441(a). Because this case must be remanded to state court, the motion to realign parties has become moot.

In accordance with the forgoing, Defendants' motion to remand [Doc. No. 6] is GRANTED and this case is REMANDED to the District Court of Garvin County, State of Oklahoma. The motion to realign parties [Doc. No. 7] is DENIED as moot.

IT IS SO ORDERED this 6th day of February, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE